sarily have to be tested by an examination of the inherent power of the court and the history of the legislation to ascertain the true spirit and intent of the law with respect to requiring the certificate of the district attorney.

[5, 6] In the case at bar, however, where the respondent did not surrender for some 20 months after her default and was then acquitted, it is not only possible, but it is probable, that the people were prejudiced by the failure of the respondent to appear, and the district attorney would not have been warranted in giving the statutory certificate, and, if he had given it, the court would not have been justified in granting the relief sought, which does not follow from the production of the certificate of the district attorney alone, for the statute is not mandatory with respect to the action to be taken by the court. See People v. Levy, 169 App. Div. 571, 155 N. Y. Supp. 512; People v. McGinnis, 15 N. Y. St. Rep. 382; People v. Flegenheimer, 15 N. Y. St. Rep. 376; People v. Tietjen, 7 N. Y. Supp. 642; People v. Heit, 152 App. Div. 179, 136 N. Y. Supp. 651; People v. Fisher, 8 N. Y. St. Rep. 382; People v. Samuels, 7 N. Y. Supp. 659; People v. Devine, 7 N. Y. Supp. 660; People v. Dale, 154 N. Y. Supp. 1137; People v. Flower (App. Div., 1st Dept., March 24, 1916); People v. Schwarze, 168 App. Div. 124, 153 N. Y. Supp. 111; People v. Kurtz, 9 N. Y. Supp. 745.

It follows, therefore, that the order should be reversed, with $10 costs and disbursements, and motion denied, with $10 costs. All concur.

---

(171 App. Div. 126)

### KNAPP v. NIAGARA JUNCTION RY. CO.

(Supreme Court, Appellate Division, Fourth Department. January 22, 1916.)

1. TRIAL ⊷191(8)—INSTRUCTIONS—CONTRIBUTORY NEGLIGENCE.

In an action for injuries to a brakeman in coupling cars, where he was injured in trying to push the drawhead of one of the cars with his foot, so that it would line up with the drawhead of the other car with which the coupling was to be made, while with each hand he had hold of the grabirons of the cars to be coupled, and the court charged that if the engine, with the cars which were coupled to it, was moving at the time, plaintiff could not recover, a request to charge that, if the drawheads or couplers of the two cars were 4 to 6 feet apart when they were at a standstill, so that the plaintiff could not have reached the handholds on both cars until they came closer together, the verdict must be for defendant, based on the inference that the car must have been moving when plaintiff took hold of the irons and attempted to push the drawhead over, was properly refused, where there was a question of fact as to the distance between the cars before they were moved together to couple them.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 430, Dec. Dig. ⊷ 191(8).]

2. APPEAL AND ERROR ⊷216(7)—OBJECTIONS—PRESENTATION—INSTRUCTIONS —REQUESTS.

Where the court, in refusing a charge that if the drawheads or couplers of cars were 4 to 6 feet apart when they were at a standstill, so that the brakeman could not have reached the handholds on both cars till they

---

⊷For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

came closer together, the verdict must be for defendant, indicated that it construed the charge as declaring the inference that the car was moving when the brakeman took hold of the irons and attempted to push the drawheads into alignment with his foot, the defendant, relying on the interpretation that it was incredible that the brakeman could have taken hold of both grabirons when they were separated by seven or nine feet, should have called the court's attention to that interpretation.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. 🗝216(7); Trial, Cent. Dig. § 629.]

Action by Francis J. Knapp against the Niagara Junction Railway Company. Defendant moves for leave to appeal to the Court of Appeals from an order of the Appellate Division, Fourth Department, affirming a judgment of the Supreme Court for the plaintiff on a verdict for $10,000, and also affirming an order entered in the clerk's office denying defendant's motion for a new trial on the minutes. Motion denied.

See, also, 156 N. Y. Supp. 1129.

Argued before KRUSE, P. J., and ROBSON, FOOTE, LAMBERT, and MERRELL, JJ.

Evan Hollister, of Buffalo, for the motion.

Augustus Thibaudeau, of Niagara Falls, and E. M. Ashley, of Lockport, opposed.

PER CURIAM. Only one of the questions which we are asked on this motion to certify for review by the Court of Appeals seems to us to invite particular attention. This is whether the trial court erroneously refused to charge at appellant's request that:

"If the drawheads or couplers of the flat car and the box car were 4 to 6 feet apart when the two cars were at a standstill, the second time, so that the plaintiff could not have reached the handholds on both cars until they had come closer together, then their verdict must be for the defendant of no cause of action."

[1] Plaintiff was a brakeman employed by the defendant at the time he was injured. The injury occurred while he was engaged in the operation of coupling cars. Two previous attempts to couple the cars had failed because the drawheads were not in proper alignment. When the plaintiff was injured he was trying to push with his left foot the drawhead of one of the cars over so that it would line up with the drawhead of the other car with which the coupling was to be made. The crucial question in the case was whether the engine and the cars attached to it were moving towards the car with which the coupling was to be made at the time plaintiff tried to push the drawhead over. The court charged in effect that, if the engine with the cars which were coupled to it was moving at the time, plaintiff could not recover. Plaintiff's evidence tended to show that the cars which were to be coupled both came to a stop after the second ineffectual attempt to couple them had been made, with their ends so near each other that he took hold of the grabiron on the end of the car to his left with his left hand and the grabiron on the end of the car to his right with his right hand in order to get a purchase in his effort to shove the drawhead over with his foot. The evidence

is conflicting as to the distance the ends of the two cars were apart when they stopped after the second attempt to couple them had failed. Defendant's evidence tends to show that they were 6 to 9 feet apart, while plaintiff testifies they were separated by only about 4 feet.

It may be conceded that, if the ends of the cars were separated by even 6 feet, plaintiff could not have taken hold of the grabiron on the end of each car to secure any efficient purchase until they had been moved nearer each other. Referring to the request to charge, it appears to be pointed to the necessary inference that, if the ends of the cars were, before the third movement to couple them was begun, separated by some 7 to 9 feet, then it would necessarily follow that the movement had been begun and partially completed before the ends of the two cars could have been near enough to each other to make it possible for plaintiff to take hold of the grabiron at the end of each car; and therefore the inference followed that the car was moving at the time plaintiff took hold of the irons and attempted to push the drawhead over. That this was the view the learned trial court took of the purpose of the request is plain from his statement in disposing of the request, the effect of which was that so far as that inference was to be drawn a question of fact was presented for the jury's decision. In this view we concur.

[2] Appellant, however, now urges that the purpose and effect of the request was to require the court to determine as matter of law that it was incredible that plaintiff could have taken hold of both grabirons when they were separated by seven to nine feet. The request as made was susceptible to the meaning given it by the trial court. If counsel intended by the request to present the point now urged it would seem that the court's attention should have been directed to the meaning now claimed for it.

The motion is denied, with $10 costs and disbursements.

Motion for leave to appeal to Court of Appeals denied, with $10 costs.